# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 09-286V
Filed: March 5, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RAVINDER DHILLON, as Wife and Guardian of INDER M. DHILLON, | * * * | |
| Petitioner, | * * | Damages decision based on stipulation; Hepatitis B virus vaccine; seizures; |
| v. | * * | mental status change |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Ramon Rodriguez, III</u>, Richmond, VA, for petitioner.
<u>Jennifer L. Reynaud</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On March 5, 2014, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that Inder M. Dhillon ("Mr. Dhillon") developed seizures and mental status changes that were caused by his August 4, 2006, receipt of Hepatitis B virus ("HBV") vaccine. Petitioner further alleges that Mr. Dhillon suffered the residual effects of this injury for more than six months. Respondent denies that the vaccine caused Mr. Dhillon's alleged injuries, including seizures or mental status changes, or any other

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

injury or condition.  Nonetheless, the parties agreed to resolve this matter informally.

The undersigned finds the terms of the stipulation to be reasonable.  The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein.  Pursuant to the stipulation, the court awards:

a. a lump sum of **$507,968.85**, representing compensation for first year life care expenses ($79,791.69), lost future earnings ($290,802.12), and pain and suffering ($137,375.04). The award shall be in the form of a check for **$507,968.85** made payable to petitioner as guardian/conservator of the estate of Inder M. Dhillon for the benefit of Inder M. Dhillon; and

b. a lump sum of **$387,556.03**, representing reimbursement of a lien for services rendered on behalf of Inder M. Dhillon.  The award shall be in the form of a check for **$387,556.03** made payable jointly to petitioner and

> Division of Medical Assistance
> North Carolina Department of Health and Human Services
> Office of the Controller
> 2022 Mail Service Center
> Raleigh, NC 27699-2022
> Attn: Ms. Sounjanette Taliaferro.

Petitioner agrees to endorse this payment to the State; and

c. an amount sufficient to purchase the annuity contract described in paragraph 10 of the attached stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>March 5, 2014</u>                                                                                    s/ Laura D. Millman
                                                                                                              Laura D. Millman
                                                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RAVINDER DHILLON,<br>As wife and guardian of<br>INDER M. DHILLON,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 09-286V<br>Special Master Millman<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Ravinder Dhillon ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), on behalf of her husband, Inder M. Dhillon ("Mr. Dhillon"). The petition seeks compensation for injuries allegedly related to Mr. Dhillon's receipt of the Hepatitis B virus ("HBV") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Mr. Dhillon received his third HBV immunization on August 4, 2006.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Mr. Dhillon sustained the first symptom or manifestation of his injury within two weeks of his August 4, 2006 immunization. She further alleges that he developed seizures and mental status changes, secondary to this injury, and that Mr. Dhillon experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Dhillon as a result of his condition.

6. Respondent denies that the vaccine caused Mr. Dhillon's alleged injuries, including seizures or mental status changes, or any other injury or condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $507,968.85, which amount represents compensation for first year life care expenses ($79,791.69), lost future earnings ($290,802.12), and pain and suffering ($137,375.04), in the form of a check payable to petitioner as guardian/conservator of the estate of Inder M. Dhillon for the benefit of Inder M. Dhillon. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of Inder M. Dhillon's estate;
>
> b. A lump sum of $387,556.03, which amount represents reimbursement of a lien for services rendered on behalf of Inder M. Dhillon, in the form of a check payable jointly to petitioner and
>
> > Division of Medical Assistance
> > North Carolina Department of Health and Human Services
> > Office of the Controller
> > 2022 Mail Service Center
> > Raleigh, NC 27699-2022
> > Attn: Ms. Sounjanette Taliaferro
>
> Petitioner agrees to endorse this payment to the State;
>
> c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

2

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of Inder M. Dhillon, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner, as the court-appointed guardian(s)/conservator(s) of the estate of Inder M. Dhillon for the following items of compensation:

> a. For future unreimbursable Medicare Part B Premium and Deductible, Medicare Supplemental Health Premium and MOP expenses, beginning on the first anniversary of the date of judgment, an annual amount of $5,003.80 to be paid for the remainder of Inder M. Dhillon's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.
>
> b. For future unreimbursable Medicare Supplemental Drug Premium and Rx expenses, beginning on the first anniversary of the date of judgment, an annual amount of $5,218.00 to be paid for the remainder of Inder M. Dhillon's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.
>
> c. For future unreimbursable PT/OT Evaluation, Medical Alert Tag, Shower Chair, Hand Held Shower, Protective Helmet, Seizure Monitor/Sensor, beginning on the first anniversary of the date of judgment, an annual amount of $297.92 to be paid up to the anniversary of the date of judgment in year 2017. Then, on the anniversary of the date of judgment in year 2017, a lump sum of $525.42. Then, on the anniversary of the date of judgment in year 2018, a lump sum of $512.87. Thereafter, beginning on the anniversary of the date of judgment in year 2019, an annual amount of $356.48 to be paid for the remainder of Inder M. Dhillon's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

d. For future unreimbursable Electric Scooter, Scooter Lift, Cover and Maintenance, Exercise Bike, and Transportation expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,133.91 to be paid for the remainder of Inder M. Dhillon's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

e. For future unreimbursable Case Management and Home Health Aide expenses, beginning on the first anniversary of the date of judgment, an annual amount of $63,224.00 to be paid for the remainder of Inder M. Dhillon's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

f. For future unreimbursable Grab Bar and Grab Bar Installation expenses, on the anniversary of the date of judgment in year 2022, a lump sum of $286.00, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the petitioner and do not require that the payment be made in one annual installment. The petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as Inder M. Dhillon is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of Inder M. Dhillon's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the

4

future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of Inder M. Dhillon as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of Inder M. Dhillon's estate under

the laws of the State of North Carolina. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of Inder M. Dhillon's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of Inder M. Dhillon at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Inder M. Dhillon upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of Inder M. Dhillon, on behalf of herself, Inder M. Dhillon, and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Inder M. Dhillon resulting from, or alleged to have resulted from, any of the vaccinations administered on August 4, 2006, as alleged by petitioner in a petition for vaccine compensation filed on or about May 6, 2009, in the United States Court of Federal Claims as petition No. 09-286V.

18. If Inder M. Dhillon should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the HBV vaccine caused Mr. Dhillon to suffer any of his alleged injuries, including seizures, mental status changes, or any other injury or condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of Inder M. Dhillon.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature]*
RAVINDER DHILLON

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*
RAMON RODRIGUEZ, III, M.D.
Rawls & McNelis, P.C.
1111 E. Main Street, Suite 1701
Richmond, VA 23219
(804) 782-0608

AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*
VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: March 5, 2014

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-1586

8